# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua A. Monighan,          :
            Appellant     :
                          :
        v.                 :    No. 133 C.D. 2025
                          :
Cumberland County Courthouse    :    Submitted: April 13, 2026

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**

**PER CURIAM**                            FILED: July 15, 2026

Joshua A. Monighan, an unrepresented litigant, appeals to this Court from two orders of the Court of Common Pleas of Cumberland County (trial court). The first of these orders denied a petition for declaratory and injunctive relief (Relief Petition); the second denied reconsideration of the first order. For the reasons that follow, we quash Mr. Monighan's appeal.

## I. Background

On December 13, 2024, Mr. Monighan filed his Relief Petition in the trial court, in which he named the Cumberland County Courthouse (Courthouse) as a defendant. Original Record (O.R.) at 3.[1] Therein, Mr. Monighan alleged that he was "unlawfully punished for entertainment" of the Courthouse, "dragged through the criminal court by abuse of process," and subsequently "convicted without out competent Criminal Jurisdictional authority pursuant to title 75 6308 B."[2] *Id.* In

---

[1] Page numbers refer to the electronic pagination of the original record in portable document format (PDF).

[2] Mr. Monighan's filings contain numerous spelling, grammar, and punctuation irregularities. While this Court is often inclined to clean up minor irregularities for clarity and legibility when

**(Footnote continued on next page…)**

support of his allegations, Mr. Monighan made vague references to a traffic stop that the investigating officer allegedly lacked the authority to undertake, and to traffic and contempt charges that the trial court allegedly lacked the authority to adjudicate; however, Mr. Monighan did not include the time or place of the stop or any other information with which the incident could be identified. *Id.* at 3-4. Mr. Monighan also suggested that the trial court improperly imposed fines on him for contempt of court. *Id.* at 4. The relief sought, Mr. Monighan explained, was a dismissal of a fine "at the next contempt of fine hearing the plaintiff attends in default of jurisdiction." *Id.* In its December 18, 2024 order, the trial court explained that it dismissed the petition because it was not an appropriate filing under the Pennsylvania Rules of Civil Procedure. *Id.* at 11.

In a timely Reconsideration Petition, Mr. Monighan contended that the trial court's order was "evidence of quandary or conflict," was not supported by "any laws to support the ignorance," and "has not offered a proper venue where genuine relief can be found," among other allegations. *Id.* at 14. In its December 30, 2024 order, the trial court ruled as follows: "The [Reconsideration P]etition makes no sense and is dismissed with prejudice." *Id.* at 17. On January 27, 2025, Mr. Monighan appealed the December 18, 2024 and December 30, 2024 orders to this Court.

Through the Notice of Appeal, Mr. Monighan purports to appeal from the trial court's previous order, entered December 18, 2024, as well as the December 30, 2024 denial of reconsideration. Because the Notice of Appeal was filed outside the 30-day appeal deadline as to the earlier of the two orders, this Court directed the

---

quoting from litigants' filings, we find the practice unfeasible where, as here, the litigant's intended meaning is seldom clear. Accordingly, we quote from Mr. Monighan's filings verbatim.

parties in a June 25, 2025 Memorandum and Order to address the issue of its apparent untimeliness in their principal briefs.

## II. Discussion

### A. Timeliness of Appeal

Pennsylvania Rule of Appellate Procedure 903(a) provides that the notice of appeal from an order of a court of common pleas to this Court "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The law is well settled that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. *Stanton v. Dep't of Transp.*, 623 A.2d 925, 926 (Pa. Cmwlth. 1993). An appeal *nunc pro tunc* (or "now for then") may be allowed only where a delay in filing the appeal is caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to an appellant, the appellant's counsel, or a third party. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

Instantly, Mr. Monighan filed his Notice of Appeal on January 27, 2025, well after the deadline for an appeal from the denial of his Relief Petition. In his Brief to this Court, Mr. Monighan argues that our June 25, 2025 Memorandum and Order directing the parties to address the timeliness issue was "inappropriate with out Original Jurisdiction, or probable cause, and vehicle code authority or the order is treason." Monighan's Br., Addendum (unpaginated). In response, the Courthouse asserts that "there is no demonstration or allegation of any fraud or breakdown in the court system that affected the timeliness of filing the notice of appeal," and that this Court should therefore quash the appeal as to the December 18, 2024 order. Courthouse's Br. at 9.

3

We agree with the Courthouse. Mr. Monighan fails to establish any cognizable basis for considering his appeal from the December 18, 2024 order in spite of its facial untimeliness. Accordingly, we quash to the extent that Mr. Monighan seeks our review of that order.

## B. Denial of Reconsideration

Next, we address Mr. Monighan's appeal from the December 30, 2024 order denying reconsideration of the trial court's previous order. This Court has held that a trial court's order denying a motion for reconsideration is not subject to appeal. *Turns v. Dauphin Cnty*., 273 A.3d 66, 72 (Pa. Cmwlth. 2022). Our sister court has explained that, "while it is procedurally permissible for a party to appeal a lower court's order and at the same time request the lower court itself to reconsider such order, a subsequent denial of reconsideration by the lower court is not an appealable order." *Dillon by Dillon v. Nat'l R.R. Corp. (AMTRAK)*, 497 A.2d 1336, 1337 (Pa. Super. 1985) (citation omitted). Consequently, we must also quash to the extent that Mr. Monighan's Notice of Appeal seeks this Court's review of the December 30, 2024 order.

## III. Conclusion

For the foregoing we reasons, we quash Mr. Monighan's appeal.

4

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joshua A. Monighan, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 133 C.D. 2025 |
| | : | |
| Cumberland County Courthouse | : | |

**PER CURIAM**                    **O R D E R**

AND NOW, this 15th day of July 2026, Joshua A. Monighan's appeal from orders of the Court of Common Pleas of Cumberland County in the above-captioned matter, dated December 18, 2024, and December 30, 2024, is hereby QUASHED.